IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES WRIGHT,<br><br>           Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>           Defendant. | Case No. 04 C 6364<br><br>Hon. Harry D. Leinenweber |

**FILED APR 28 2005 JUDGE HARRY D. LEINENWEBER U.S. DISTRICT COURT JUDGE**

**04 C 6364**

## MEMORANDUM OPINION AND ORDER

Before the Court is Petitioner James Wright's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (the "Habeas Petition").

### I. INTRODUCTION

On August 9, 2002, a Grand Jury indicted James Wright, Willie Thurmond, and Sandra Trimble with mail fraud in violation of 18 U.S.C. § 1341. According to the indictment, Thurmond agreed to sell homes to buyers with bad credit and falsified deposit slips. Thurmond sent the buyers to Trimble who submitted the fraudulent applications. Wright prepared fraudulent tax returns overstating the potential home buyers' income so that they could qualify for loans. Either Thurmond or Trimble paid Wright $200 to $300 per fraudulent return.

Pursuant to a plea agreement, Wright pled guilty to the mail fraud charge in Count I of the Indictment, which focused on an August 15, 1997 mailing attempting to fraudulently secure a

mortgage from Lendingstar Mortgage, Inc. On October 7, 2003, the Court sentenced Wright to prison for one year and one day, with three additional years of supervised release. On October 1, 2004, Wright timely filed the Habeas Petition with the Court.

## II. **DISCUSSION**

For relief under 28 U.S. § 2255, a prisoner must demonstrate a "fundamental defect which inherently results in a complete miscarriage of justice" violating the Constitution or laws of the United States. *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Criminal defendants have a constitutional right to effective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* imposes a two-part test to determine if a "counsel's assistance was so defective as to require reversal of a conviction." *Id.* at 687. First, a petitioner must show that his "attorney's representation fell below an objective standard of reasonableness, and second, that there is a reasonable probability that but for his attorney's unprofessional errors, the results of the proceeding would have been different." *U.S. v. Arvanitis*, 902 F.2d 489, 494 (7th Cir. 1990)(citing *Strickland*, 466 U.S. at 687-88).

Wright contends that his trial counsel rendered ineffective assistance because he did not contest the government's ability to bring charges in the instant case. Specifically, due to an earlier January 2002 bank fraud conviction, Wright contends that the

- 2 -

instant mail fraud conviction is barred by the Double Jeopardy Clause. This argument lacks merit. *Const. Amend. V* provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." *U.S.C.A. Const. Amend. V*. The Double Jeopardy Clause consists of "three separate constitutional protections: it prohibits a second prosecution for the same offense after an acquittal, it prohibits a second prosecution for the same offense after a conviction, and it prohibits multiple criminal punishments for the same offense." *Dye v. Frank*, 355 F.3d 1102, 1103 (7th Cir. 2004)(citing U.S. Const. Amend. V).

Wright's 2002 conviction was for fraudulent conduct dating back to 1995. Judge Anderson sentenced Wright to five months imprisonment based on his guilty plea to one count of the superceding indictment for bank fraud. As part of his plea, Wright admitted that he participated in a scheme to defraud First Security Bank in 1995.

While both convictions involved preparing fraudulent documents, the similarities end there. The two convictions arose from separate criminal conduct (2 years apart), different crimes (bank fraud and mail fraud), and involved different co-conspirators and institutions (First Security Bank and Lendingstar Mortgage). Furthermore, the 2002 plea agreement did not waive or limit the Government's right to prosecute Defendant for other criminal conduct. Wright's conviction in the instant case was not barred by

the Double Jeopardy Clause or the plea agreement. Accordingly, the results of the proceeding (being convicted of mail fraud for separate conduct) would not have changed on retrial. Therefore, Wright's counsel was not ineffective for not arguing that Wright's conviction was barred by reason of his 2002 conviction.

### III. CONCLUSION

For the reasons stated herein, Wright's Habeas Petition is **DENIED**.

**IT IS SO ORDERED.**

   Harry D. Leinenweber, Judge
   United States District Court

Dated: April 28, 2005